IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LIUBOV KOKOREVA,                     §
A#249141120,                         §
                                     §
            Petitioner,              §
                                     §
V.                                   §          No. 3:25-cv-1700-K-BN
                                     §
UNKNOWN PARTY,                       §
                                     §
            Respondent.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Liubov Kokoreva, at one time detained at the Prairieland Detention
Center, a facility in this district, *see* Dkt. No. 6 at 2, alleges that she is a Russian
citizen who, along with her husband, arrived in the United States on February 8,
2025, "in search of protection from persecution," Dkt. No. 1 at 2.

Both were apprehended upon arrival and placed into immigration custody, and
Kokoreva was separated from her husband and transferred to a facility in Arizona,
where she filed this action construed as seeking habeas relief under 28 U.S.C. § 2241.
*See generally* Dkt. Nos. 1, 5, & 6.

The District of Arizona transferred Kokoreva's construed Section 2241 habeas
petition to the Dallas Division of this district because she failed to name a respondent
in the construed petition and had been transferred to Prairieland. *See* Dkt. No. 6
("Consequently, Petitioner's current custodian is not the Warden of the Eloy
Detention Center because the Warden no longer possesses the authority to release
her from custody should she prevail on her claims."); *but see Griffin v. Ebbert*, 751

F.3d 288, 290 (5th Cir. 2014) ("When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. He filed his petition in the district court of that district and named as respondent the warden of the institution in which he was imprisoned. These steps properly complied with habeas procedure. Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (citing *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978))).

After this action was transferred to this district, United States District Judge Ed Kinkeade referred it to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As ordered, *see* Dkt. No. 10, the United States Attorney's Office for this district filed a response to the construed Section 2241 petition, *see* Dkt. Nos. 13 & 14. Motions to transfer this case and for a temporary restraining order ("TRO") and a reply brief have also been filed. *See* Dkt. Nos. 11 & 15-21.

The undersigned now recommends that the Court deny the construed habeas petition and terminate as moot all other pending motions.

## Applicable Background

The undisputed record evidence reflects that Kokoreva, a native and citizen of Russia, arrived at a port of entry in Calexico, California on February 8, 2025; that she was encountered by immigration authorities who determined that she was inadmissible to the United States (under 8 U.S.C. § 1182(a)(7)(A)(i)(I)) and subject to

expedited removal (under 8 U.S.C. § 1225(b)(1)); that she was then referred for an interview as to her Convention Against Torture ("CAT") claim; and that, on February 25, 2025, an immigration officer determined that Kokoreva failed to establish that it was more likely than not that she would be tortured if returned to Russia. *See generally* Dkt. No. 14.

Through the construed Section 2241 habeas petition that Kokoreva filed on May 14, 2025 (which was signed on May 7), Kokoreva provides that, as of then, the United States had already twice attempted to remove her (on April 15 and again May 5) and that she resisted these attempts. *See* Dkt. No. 1 at 1.

And she (1) challenges her detention as unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Fifth Amendment's Due Process Clause, because, according to Kokoreva, detention "continued beyond 90 days without a real prospect of removal is unconstitutional and unlawful" and (2) requests that the Court intervene to, "grant[ her] right to apply for asylum regardless of manner of entry" and require that an immigration judge review the negative CAT determination. Dkt. No. 1 at 2; *see also* Dkt. No. 20 (reply brief) at 5 (requesting that the Court order that authorities "conduct a new credible fear/CAT review with counsel present and with full consideration of the evidence"; "enter [her] into EOIR proceedings so that [her] case may be consolidated with that of [her] husband"; and prohibit that she be transferred among detention centers); Dkt. No. 21 (TRO motion) (requesting relief like that requested through the reply brief).

**Discussion**

The undersigned begins where a court always should – with subject-matter jurisdiction. *See Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

And several provisions of the Immigration and Nationality Act ("INA") "curtail the jurisdiction of federal district courts in immigration cases." *Lopez-Arevelo v. Ripa*, ___ F. Supp. 3d ____, No. EP-25-CV-337-KC, 2025 WL 2691828, at *3 (W.D. Tex. Sept. 22, 2025) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 292-96 (2018)).

But "the Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Id.* at *5 (cleaned up); *accord Barrientos v. Baltazar*, No. 5:24-CV-00005, 2024 WL 5455686, at *3 (S.D. Tex. Dec. 18, 2024) ("Noncitizens may challenge their immigration detention under § 2241, although Congress has limited this Section's reach." (citing *Zadvydas*, 533 U.S. at 687-88; *Nielsen v. Preap*, 586 U.S. 392, 419-20 (2019))), *rec. adopted*, 2025 WL 744703 (S.D. Tex. Mar. 7, 2025).

Even so, "[h]abeas corpus is the proper vehicle for challenges to the legality of custodial detention, not the proper vehicle for a petitioner to 'claim the right to … remain in a country or to obtain administrative review potentially leading to that result.'" *J.G.G. v. Trump*, No. 25-5067, 2025 WL 914682, at *27 (D.C. Cir. Mar. 26, 2025) (Millett, J., concurring) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020)).

And the United States "Supreme Court has been crystal clear on this point:

'The writ simply provide[s] a means of contesting the lawfulness of restraint and securing release' from detention." *Id.* (quoting *Thuraissigiam*, 591 U.S. at 117).

> Applicable to Kokoreva,
>
> Section 212 of the [INA], 8 U.S.C. § 1182 ... , sets out the rules of admissibility for those seeking to enter the United States. Those without proper entry documents are inadmissible. § 1182(a)(7)(A)(i)(I). After being found inadmissible under § 1182(a)(7), an immigration official can order the person seeking entry removed without a hearing; this is called expedited removal. 8 U.S.C. § 1225(b)(1)(A)(i).

*Barrientos*, 2024 WL 5455686, at *3; *see also Thuraissigiam*, 591 U.S. at 118-19 (The habeas petitioner "does not dispute that confinement during the pendency of expedited asylum review, and even during the additional proceedings he seeks, is lawful. Nor could he. It is not disputed that he was apprehended in the very act of attempting to enter this country; that he is inadmissible because he lacks an entry document, *see* §§ 1182(a)(7)(A), 1225(b)(1)(A)(i); and that, under these circumstances, his case qualifies for the expedited review process, including '[m]andatory detention' during his credible-fear review, §§ 1225(b)(1)(B)(ii), (iii)(IV).").

And a court's "review of decisions made under § 1225(b)(1) is limited." *Barrientos*, 2024 WL 5455686, at *3.

> Courts may only review three things regarding § 1225(b)(1) expedited removal orders: (1) "whether the petitioner is an alien" ... (2) "whether the petitioner was ordered removed under [§ 1225(b)(1)]" ... and (3) "whether petitioner" is a lawful permanent resident, refugee, or has been granted asylum. 8 U.S.C. § 1252(e)(2); *see Brumme v. I.N.S.*, 275 F.3d 443, 446-47 (5th Cir. 2001).

*Id.* at *4.

But "[f]ederal courts cannot review any claim arising from or relating to the implementation or operation of an order of removal under § 1252(a)(2)(A)(i)." *Id.*

(citing *Thuraissigiam*, 591 U.S. at 112); *see also Raghav v. Wolf*, 522 F. Supp. 2d 534, 541 (D. Ariz. 2021) (A habeas petitioner "subject to an expedited removal order 'has only those rights regarding admission that Congress has provided by statute,' those being the three areas enumerated in 8 U.S.C. § 1252(e). [And] Section 1252(a)(2)(A)(i) provides that 'no court shall have jurisdiction to review' a 'claim arising from or relating to the implementation or operation of an order of [expedited] removal,' which extends to the determination that 'an alien lacks a credible fear of persecution.'" (citations omitted)).

So the Court lacks jurisdiction to review Kokoreva's substantive attacks on the expedited removal order and the process that led to it – that is, its implementation or operation – and only has jurisdiction to review her claims that she is detained in violation of due process and the holding of *Zadvydas*.

"Immigration detainees do have a right to procedural due process, *Demore v. Kim*, 538 U.S. 510, 523 (2003), but noncitizens outside the United States do not. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 269 (1990)." *Barrientos*, 2024 WL 5455686, at *5.

And, "as to foreigners who have never been naturalized, nor acquired any domicil or residence within the United States, nor even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law." *Thuraissigiam*, 591 U.S. at 138 (cleaned up).

And, because, "[a]t all times relevant to [her] claim [Kokoreva] was not

naturalized, a resident within the United States, or admitted into the country," "due process is whatever [immigration officials are] authorized to do." *Barrientos*, 2024 WL 5455686, at *5.

And there is no record evidence that those officials exceeded that authority. So Kokoreva's due process claim fails.

Kokoreva's claim based on *Zadvydas* also fails.

Statutory authority provides that habeas petitioners subject to a final removal order shall be removed "within a period of 90 days, during which time [they] shall be detained, § 1231(a)(1)(A), (a)(2)." *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (per curiam). If they are not removed, they "may be detained beyond that time or released subject to the terms of supervision prescribed by the Attorney General. § 1231(a)(3), (6)." *Id.* And "[i]t is presumptively constitutional for [them] to be detained for six months after a final order of removal." *Id.* (citing *Zadvydas*, 533 U.S. at 701).

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

So, even if the Court considers the February 25 determination as a final order, at the time that she filed the construed habeas petition, Kokoreva had "not been in

post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to [her] continued post removal order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318 (citing Zadvydas, 533 U.S. at 701); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("This six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*." (cleaned up)); *Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 929 n.33 (W.D. Tex. 2018) ("[E]ven if Petitioners did intend to challenge the length of their detention under *Zadvydas*, their challenge is premature because they filed suit after being detained for only three months." (citing Akinwale, 287 F.3d at 1051-52)).

And Kokreva's own allegations reflect that the government is actively attempting to remove her from the United States. She has therefore also "not alleged sufficient evidence to establish 'that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Apau v. Ashcroft*, No. 3:02-cv-2652-D, 2003 WL 21801154, at *2 (N.D. Tex. June 17, 2003) (quoting *Zadvydas*, 533 U.S. at 701).

## Recommendation

The Court should deny Petitioner Liubov Kokoreva's construed application for habeas relief under 28 U.S.C. § 2241 and thereby deny as moot all pending motions in this case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE